OPINION OF THE COURT
Leslie Crocker Snyder, J.
The defendant was indicted for criminal possession of a controlled substance and related offenses after a search of the defendant’s apartment, pursuant to a warrant, allegedly un *311 covered a large quantity of narcotics. The People have refused to disclose the search warrant affidavit and have petitioned the court under CPL 240.50 for a protective order. This section specifically empowers the court to limit discovery to protect the confidentiality of informants.[1]
At issue in this case is whether a search warrant affidavit reciting facts in such detail as to reveal the identity of a confidential informant must be disclosed to defense counsel where the People claim that the safety of the informant and/ or future investigations would be jeopardized. This court adopts the four-step process set forth below in order to make that determination where the People make a claim under CPL 240.50. Applying that analysis to the facts at bar, the court will not order disclosure prior to conducting a hearing on the issue.
FACTS
On December 31, 1986, defendant Seychel’s apartment was searched pursuant to a warrant and the defendant subsequently was arrested for possession of cocaine, methaqualone pills, drug paraphernalia, and several firearms in the apartment.
The search warrant affidavit was based primarily upon the observations and activities of a confidential informant. The informant had witnessed various narcotic activities including the preparation, packaging and sale of narcotics in the apartment.
After submitting the sealed search warrant affidavit to the court, the People made application for the affidavit to remain confidential pursuant to CPL 240.50. Defense counsel moved for discovery of the affidavit, asserting that a proper challenge to the search was impossible without discovery of the contents of the affidavit upon which the search was based.
*312 CONCLUSIONS OF LAW
The circumstances under which an informant’s identity should be kept confidential were set forth in the seminal case of People v Darden (34 NY2d 177 [1974]). In Darden, an informant gave a detailed description of a person who was arriving by plane with a briefcase containing a substantial quantity of heroin. The People refused to disclose the identity of the informant while the defendant contended that the People’s refusal deprived him of a fair hearing on the suppression issue. The Court of Appeals noted that there was no serious claim that the information did not provide probable cause. The only issue was whether the informant had been wholly imaginary and the communication entirely fabricated. Citing the weighty considerations countervailing against disclosure of the identity of informers, the court established the Darden hearing. To verify the informant’s existence and to test his credibility, the prosecution was required to make the informant available in camera to respond to inquiry by the court and to answer any relevant questions submitted by defense counsel. The hearing court would make a determination, order the record sealed, and summarize its conclusions for defense counsel. This procedure was designed to balance the legitimate concerns of the defendant that the informer was wholly imaginary and the communication from him entirely fabricated with the interests of the public in informant anonymity. (People v Darden, supra, at 182.) The court stressed that such a procedure is appropriate only for a probable cause determination; the identity of the informant must be disclosed where the defendant’s guilt or innocence is at issue. (People v Goggins, 34 NY2d 163 [1974].)
Although Darden (supra) involved a warrantless search, the principles set forth by that court are equally applicable to a search made pursuant to a warrant. The concern for protection of the informant’s identity can be greater where a warrant is obtained because a search warrant affidavit is inherently more detailed and frequently specifies the dates, times, and places of a number of criminal offenses allegedly committed by the defendant. Law enforcement has a legitimate interest in protecting the confidentiality of its informants. (People v Darden, supra, at 182.) As such, the courts must establish a procedure to test the probable cause upon which the search of a citizen has been predicated, while respecting the confidentiality of the informant’s identity where safety is at issue.
*313 To determine whether an affidavit in support of a search warrant is discoverable by defense counsel, this court adopts the following four-step procedures:
First, the court will review the search warrant to determine whether probable cause appears to be alleged on its face or whether there is any reason to believe, initially, that the warrant is facially perjurious. To allege probable cause, a search warrant must satisfy the Aquilar-Spinelli two-prong test: 1) the affiant must set forth the reasons which led him to conclude that the informant was reliable, and 2) the affiant must relate the facts and circumstances relied on by the informer in reaching his conclusions. (Aguilar v Texas, 378 US 108 [1964]; Spinelli v United States, 393 US 410 [1969].)[2] If the warrant is insufficient on its face, the evidence obtained from it will be suppressed. If the warrant appears to be facially perjurious, the court will conduct a hearing, initially in camera, to determine if any of the information contained therein was perjurious. If so, the court will order that the affidavit be turned over to defense counsel prior to conducting a Franks/ Alfinito hearing, if appropriate. (Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965].) Prior to such disclosure, the People will be given an opportunity to elect to discontinue the prosecution. The protection sought by the People must yield to the overriding consideration of avoiding the risk of convicting the innocent. (Roviaro v United States, 353 US 53, 61 [1957].)
In this case, the warrant contains details about the defendant’s criminal activity and possession of contraband and the arresting officer verified the informant’s reliability concerning previous information given. In addition, the court has examined the affidavit and it does not appear perjurious on its face.
The second step is an in camera, ex parte inquiry of the informant and examination of pertinent exhibits in order to evaluate the People’s claim that the informant’s life and/or future investigations would be jeopardized by disclosure. Where an undercover officer still operates in the community, other narcotics investigations are still pending, and other targets of the investigation are at large, thus jeopardizing the *314 informant if his identity were disclosed, then such information shall remain privileged. (People v Hinton, 31 NY2d 71 [1972].) If the informant and/or any future investigations are not endangered by revealing the contents of the search warrant, then the court will order disclosure of the affidavit.
The third step in this procedure involves attempting to redact the privileged portions of the search warrant affidavit, assuming the court is convicted that nondisclosure is necessary. If the information describing the circumstances which led to the defendant’s arrest can be redacted so as not to reveal the identity of the informant and the document would remain essentially intact, then the confidential material will be redacted and defense counsel will receive the modified version. This may not be possible in many cases and, after careful examination, the court finds that the affidavit in this case cannot be redacted.
The fourth and final step, if necessary after the first three steps, is to conduct an ex parte, in camera, Darden-type hearing. Here, the People are ordered to produce the informant for a hearing. Without defense counsel present, the court will evaluate the credibility of the informant as to the information contained in the warrant. To assist the court in making this determination, defense counsel may submit any relevant questions for the court to ask the informant. The court will make a sealed record and summarize the information for defense counsel.
As stated above, the court has reviewed the search warrant affidavit at issue and here finds that it contains probable cause and is not perjurious on its face. The People are ordered to produce the informant in camera so that the court can determine whether there is a need for confidentiality as the People claim.

. CPL 240.50 (1) provides: "The court in which the criminal action is pending may, upon motion of either party, or of any affected person, or upon determination of a motion of either party for an order of discovery, or upon its own initiative, issue a protective order denying, limiting, conditioning, delaying or regulating discovery pursuant to this article for good cause, including constitutional limitations, danger to the integrity of physical evidence or a substantial risk of physical harm, intimidation, economic reprisal, bribery or unjustified annoyance or embarrassment to any person or an adverse effect upon the legislative needs of law enforcement, including the protection of the confidentiality of informants, or any other factor or set of factors which outweighs the usefulness of the discovery.”

. To date, New York has not adopted the Gates "totality of circumstances” test and appeals unlikely to do so. (Illinois v Gates, 462 US 213, reh denied 463 US 1237; People v Griminger, 127 AD2d 74 [2d Dept 1987]; People v Bigelow, 66 NY2d 417 [1985]; People v P. J. Video, 68 NY2d 296 [1986], cert denied — US —, 107 S Ct 1301; People v Johnson, 66 NY2d 398 [1985].)