■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YASEED VARON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIOLA VARON, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 29, 1989, convicting defendant Fabiola Varon,

upon her plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing her to an indeterminate prison term of from four years to life, unanimously affirmed.

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 7, 1988, convicting defendant Yaseed Varon, upon his plea of guilty, of criminal possession of a controlled substance in the second and third degrees and sentencing him to consecutive indeterminate prison terms of from eight years to life and 2 to 6 years, unanimously modified, on the law, to the extent of reversing the sentences imposed, vacating those sentences, and the matter is remanded to Criminal Term for resentencing.

On November 10, 1987, pursuant to a search warrant, the police searched the home of the defendants, husband and wife, and found two cardboard boxes containing 76 one-kilogram packages of cocaine. The People moved for a protective order denying disclosure to the defense of the affidavit supporting the search warrant (CPL 240.50 [1]). The affidavit, which was submitted to the court, contained information from a confidential informant registered with the Drug Enforcement Agency Task Force. After the court conducted an in camera review of the affidavit, it concluded that the identity of the informant would be disclosed by the affidavit and granted the protective order. The court also determined that the affidavit contained probable cause, but indicated that the court would conduct a *Darden*-type inquiry on the issue of whether the affiant committed any perjury. Defendants entered guilty pleas before a *Darden*-type hearing could be held.

By pleading guilty before the court finally determined the suppression issues, defendants waived their right to appeal the issues raised herein, and contrary to defendants' argument, the statutory exception expressed in CPL 710.70 (2) is inapplicable since defendants' claim involves a procedural issue subordinate to defendants' suppression motion *(People v Fernandez,* 67 NY2d 686). In any case, since the affidavit indicated that the informant was involved in ongoing criminal investigations, a hearing was unnecessary to determine that future criminal investigations would be jeopardized if the informant's identity was revealed.

Defendant Fabiola Varon's argument that her sentence is excessive is belied by the fact that she was given the benefit of a bargained-for sentence and her sentence was only one year more than the statutory minimum. Furthermore, any applica-

tion by defendant for waiver of the mandatory surcharge due to indigency is premature while the defendant is incarcerated *(People v Diaz-Mejia,* 162 AD2d 300).

Lastly, we hold, and the People concede, that the court erred in imposing consecutive sentences for Yaseed Varon's criminal possession convictions, which arose out of the same act (Penal Law § 70.25 [2]; *People v Judkins,* 139 AD2d 792). Accordingly, we vacate those sentences and the case is remanded to the trial court for resentencing *(People v Leacock,* 125 AD2d 185). Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.