OPINION OF THE COURT
William Mogulescu, J.
Following a search of business premises pursuant to a *243 warrant, the defendant was charged with one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Defense counsel made an oral demand for the production of the search warrant and the underlying affidavit. The People provided counsel with a copy of the search warrant but refused to produce the search warrant affidavit claiming, in their written response to defendant’s demand, that "the warrant was based in whole or in part on information provided by a confidential informant. Compliance with your request to provide the affidavit would compromise an ongoing investigation, potentially endanger a confidential informant and could have an adverse effect upon the legitimate needs of law enforcement.” The People now move for a protective order pursuant to CPL 240.50.
At the outset it is noted that search warrants and search warrant applications are discoverable under CPL 240.20 (1) (h). (See, People v Brown, 104 Misc 2d 157, 163 [Crim Ct, Queens County 1980].) The right to the discovery of warrant applications which is necessary to enable a defendant to adequately mount a constitutionally based challenge to the warrant, at times, must be balanced against the People’s right to protect the identity of citizen informers. Thus, in Roviaro v United States, the Supreme Court has stated,
"The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform their obligation.
"The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged.” (353 US 53, 59-60 [1957]; see, People v Darden, 34 NY2d 177 [1974].)[1]
Courts in this jurisdiction have since addressed the specific issue of precluding discovery where the People assert that to do otherwise would compromise the well-being of the confidential informant who provided the affiant with the basis for his knowledge. In People v Seychel (136 Misc 2d 310 [Sup Ct, NY County 1987]), the court formulated a four-step procedure to determine whether an affidavit in support of a search warrant is discoverable. That court proposed that the search warrant first be reviewed in camera to determine whether it set forth *244 probable cause and whether it appeared to be facially perjurious. If it was determined to be perjurious then the affidavit would be provided to defense counsel and a Franks/Alfinito hearing pursuant to the holdings of Franks v Delaware (438 US 154 [1978]) and People v Alfinito (16 NY2d 181 [1965]), would be ordered.[2] The second step proposed was an in camera, ex parte inquiry of the informant to evaluate the People’s claim that informant’s life, or future investigations, would be compromised. If neither were determined to be in danger, then the search warrant affidavit would be disclosed. Third, the application would be redacted, if possible. Fourth, if necessary an ex parte, in camera Darden-type hearing (People v Darden, 34 NY2d 177, supra) would be conducted. (People v Seychel, supra, at 313-319.)
The court in People v Lind (147 Misc 2d 865 [Sup Ct, NY County 1990]), was likewise presented with the issue of whether defense counsel should be precluded from examining the search warrant affidavit wherein the People claim that production of the document would result in the risk of harm to the confidential informant. That court declined to adopt the four-step procedure employed by the Seychel court. Rather, it held that where the People seek a protective order in such circumstances "they should set forth in detail the grounds for believing that the application cannot be disclosed without endangering the informant’s privilege. If this cannot be done on notice without revealing the informant’s identity, an ex parte written submission may be made.” (People v Lind, supra, at 871.) Moreover, the Lind court specifically rejected oral in camera ex parte hearings, believing that such a practice might result in a discussion which could compromise the court’s impartiality. Additionally, the court noted that a specific showing that disclosure would create a risk of harm to the informant or future investigations was not required since the informant privilege was presumptive and well settled in law. However, the court also noted that, "no matter how great the risk, if fundamental fairness dictates disclosure, the courts must order it. * * * [T]he People’s only alternative at that point, unpleasant although it might be, would be a dismissal of the charges.” (People v Lind, supra, at 871.) Finally, it was *245 held that the People’s application should suggest the appropriate redaction or paraphrasing, being careful to include as many details as possible, but explaining the reason for each deletion.
Having considered the two approaches suggested by the Seychel and Lind courts, as well as the important interest of the defendant in being able to adequately litigate any claimed Fourth Amendment violations, I find that the preferred procedure in these cases is for the People to provide defense counsel with the demanded document. (See, People v Watkins, Sup Ct, NY County, McLaughlin, J., index No. 1399/87 ["Not to permit defendants to inspect affidavits, a necessary predicate to a motion to controvert, would constitute a flat ban on impeachment of veracity [that] could denude the probable cause requirement of all real meaning”], citing to Franks v Delaware, 738 US 154, 168, supra.) It is almost impossible for a defendant to adequately challenge a search pursuant to a warrant without the application. A knowledge of the factual circumstances is generally necessary to allege perjury in the affidavit. Additionally, it is equally as difficult to allege a lack of probable cause when one has no idea what facts were set forth to establish probable cause.
In the unusual case, however, if there is a strong showing that there is reason to believe there exists the risk of harm to the informant or future investigations, then the People need not disclose the affidavit. Thus, in order to avoid production of the affidavit, the People are required to make a fact specific showing as to how the informant’s safety and/or future investigations will be compromised. This application may be ex parte. Contrary to the concern articulated by the Lind court, I do not believe that an oral application by the People would compromise the integrity of the court. Once it is determined pursuant to a written or oral fact specific application that there exists a real danger to the informant, or to pending investigations, the next step would be to consider whether redactions are possible. I adopt the findings of the Lind court here and hold that the People should suggest the manner of redaction. Finally, if redaction is impossible, an in camera ex parte Darden-type hearing will be held wherein the court will evaluate the credibility of the informant. Defense counsel will be given the opportunity to provide the court with questions. The court will then summarize the information obtained at the hearing for defense counsel. After this last step, if the court deems it necessary, it may well be that the People will *246 have to choose between providing the affidavit to defense counsel or declining to further prosecute the case.
In this case, the People have failed to come forward with sufficient showing of how there exists a risk of harm to the informant. Indeed, only general assertions are alleged by itself in the People’s written refusal to disclose the demanded affidavit. In the absence of any fact-specific demonstration of a risk of harm, the People’s motion for a protective order is denied, with leave to reapply by April 12, 1991. If the People fail to make a sufficient factual showing by that date, the search warrant affidavit shall be turned over to defense counsel at that time.

. Of course, not every informant can truthfully be designated a "citizen” informant.

. This court disagrees with the premise in People v Seychel (136 Misc 2d 310) that the Judge is in a position to determine perjury on the face of the affidavit in support of the warrant. In the usual case any perjury is generally not immediately recognizable and can only be exposed by someone who has some knowledge of the underlying facts.