■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CASTILLO, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J., at hearing, plea and sentence), rendered September 8, 1989 convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the fourth degree and imposing concurrent prison terms of from 4 years to life and one year, unanimously affirmed.

Pursuant to the execution of a search warrant of defendant's home, the police recovered over 8 pounds of cocaine, a loaded machine gun, two handguns and over 100 rounds of automatic ammunition hidden underneath the floorboards of his bedroom closet. Thereafter, the People moved for a protective order denying disclosure to the defense of the affidavit supporting the search warrant on the ground that this information might reveal the identity of the confidential informant and pose a safety risk to the individual's life. The court, applying procedure set forth in *People v Seychel* (136 Misc 2d 310), examined the application for the search warrant, *ex parte* and *in camera,* and determined that it set forth probable cause for the search and was not perjurious on its face. The court also conducted an *in camera* review of the testimony in support of the search warrant and concluded that the informant's life or future investigations would be jeopardized by disclosures of the materials sought by the defense. The court then determined that the warrant could not be turned over to the defense in redacted form. Finally, the court held a *Darden*-type inquiry hearing *ex parte* and *in camera* where the

credibility of the affiant was established, and where the defense claim that the warrant was tainted by a prior illegal entry into his apartment was dispelled. We find that the court's *in camera* and *ex parte* review procedure and denial of defendant's discovery request of the search warrant affidavit was entirely proper under the instant circumstances. *(See, People v Seychel, supra.)*

Contrary to the People's argument, the issue of the court's procedure in the handling of defendant's motion to suppress and request for discovery of the search warrant application, is preserved for appellate review *(see,* CPL 710.70 [2]; *cf. People v Varon,* 168 AD2d 349). Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.