**Dennis GANDARILLA, Petitioner–Appellant,**

**v.**

**Christopher ARTUZ, Superintendent, Respondent–Appellee.**

**Docket No. 99–2423.**

United States Court of Appeals, Second Circuit.

Argued: June 7, 2001.

Decided: Feb. 26, 2003.

Larry W. Yackle, Boston University School of Law, Boston, Massachusetts

(Perry S. Reich, Schapiro & Reich, Lindenhurst, New York, NY, on the brief), for Petitioner–Appellant.

Amy Appelbaum, Assistant District Attorney, Kings County, Brooklyn, New York (Charles J. Hynes, District Attorney for Kings County, Leonard Joblove, Victor Barall, Assistant District Attorneys, Brooklyn, New York, Richard A. Brown, District Attorney for Queens County, John M. Castellano, Assistant District Attorney, Kew Gardens, New York, Eliot Spitzer, Attorney General for the State of New York, Valerie Singleton, Assistant Attorney General, New York, New York, on the brief), for Respondent–Appellee.

Before: KEARSE, STRAUB, and SACK, Circuit Judges.

KEARSE, Circuit Judge.

Petitioner Dennis Gandarilla, a New York State ("State") prisoner, seeks a certificate of appealability to permit him to appeal from a judgment entered in the United States District Court for the Eastern District of New York denying his petition under 28 U.S.C. § 2254 for a writ of habeas corpus vacating his conviction on the grounds, *inter alia,* that he was denied effective assistance of counsel and was denied a fair opportunity to challenge a search warrant. The district court denied the petition, adopting the reasons given by the State's Appellate Division in affirming Gandarilla's conviction and the reasons given by the State in opposing the petition. For the reasons that follow, we remand to the district court for identification of the ground or grounds on which the petition was denied.

Gandarilla was convicted in State Supreme Court, following his plea of guilty, of criminal possession of a controlled substance, criminal possession of a weapon, and endangering the welfare of a child.

After being sentenced, he appealed to the Appellate Division of the Supreme Court, contending that he had not knowingly and voluntarily waived his right to appeal and that a search warrant pursuant to which his home was searched had been issued on the basis of an affidavit that did not establish the reliability of the informant who provided information or establish probable cause. The Appellate Division affirmed the conviction, stating as follows:

> The defendant's claim with respect to the propriety of the search warrant application is unpreserved for appellate review and, in any event, without merit (*cf., People v. Brown,* 40 N.Y.2d 183, 386 N.Y.S.2d 359, 352 N.E.2d 545; *People v. Vanderpool,* 217 A.D.2d 716, 629 N.Y.S.2d 307; *People v. Castillo,* 176 A.D.2d 609, 575 N.Y.S.2d 49, *affd* 80 N.Y.2d 578, 584, 592 N.Y.S.2d 945, 607 N.E.2d 1050).

*People v. Gandarilla,* 244 A.D.2d 500, 500–01, 665 N.Y.S.2d 905, 905–06 (2d Dep't 1997), *lv. denied,* 91 N.Y.2d 892, 669 N.Y.S.2d 6, 691 N.E.2d 1032 (1998).

Gandarilla filed his present petition for habeas corpus in the district court, asserting claims in addition to those he had raised on direct appeal to the Appellate Division. The new claims asserted that Gandarilla had been sentenced without adequate consideration of his cooperation and his past record; that he had been denied effective assistance of counsel at a suppression hearing and when he pleaded guilty; and that at the suppression hearing he had not been allowed to confront his accuser. The State opposed the petition, arguing, first, that Gandarilla "never presented many of the claims he raises in his current petition to the state courts; therefore, his petition contains unexhausted claims and should be dismissed." (State's Memorandum of Law ("State's Memorandum") at 2.)

In state court, defendant never claimed that he did not receive a full or fair suppression hearing, that he did not receive effective assistance of counsel at the plea because counsel failed to challenge the validity of the plea, nor did he ever claim that his sentence was excessive. The presence of these claims renders defendant's application a petition containing exhausted and unexhausted claims; it should therefore be dismissed.

*Id.*

The State also argued, *inter alia,* that "some of defendant's unexhausted claims may be deemed exhausted because a state forum no longer exists to entertain them on the merits and the state would reject them as procedurally barred." (*Id.* at 2.) Seemingly disputing the indication in Gandarilla's petition that a suppression hearing had been held, the State's Memorandum asserted that Gandarilla had never moved to quash the search warrant or to "make a motion entitling him ... to a hearing." (*Id.* at 3.) The State's Memorandum argued that Gandarilla could not now make any claims with respect to such a hearing because he had not made a factual record and thus "cannot attack his conviction collaterally" (*id.*); but the State also stated that, under the pertinent section of the New York Criminal Procedure Law, "[t]his bar to review is discretionary, not mandatory" (*id.* n. 1).

In addition, the State argued that Gandarilla's challenge to his sentence raised no federal constitutional question; that his ineffective-assistance-of-counsel claim lacked merit because there was no viable basis on which his attorney could have challenged the search warrant; and that, under *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the existence of probable cause for the search warrant could not be litigated in a federal habeas proceeding.

In an order dated June 14, 1999, the district court rejected Gandarilla's claims, stating:

The petition for a writ of habeas corpus is denied for the reasons stated in the opinion of the Appellate Division, *People v. Gandarilla,* 244 A.D.2d 500, 665 N.Y.S.2d 905 (2d Dep't 1997), and the memorandum of law filed by the District Attorney.

District Court Order dated June 14, 1999.

■ The district court refused to issue a certificate of appealability, and Gandarilla has applied for such a certificate in this Court. For the reasons that follow, we remand to the district court for clarification because the record before us does not disclose the basis on which the district court denied Gandarilla's petition.

Although the district court adopted the opinion of the Appellate Division affirming Gandarilla's conviction, that opinion did not mention any claim except the challenge to the propriety of the search warrant. Thus, the Appellate Division's opinion did not deal with most of the claims asserted in the habeas petition.

Further, although the district court also adopted the contentions proffered by the State in opposition to Gandarilla's petition, the State's foremost contention was that the petition contained both exhausted and unexhausted claims and should be dismissed pursuant to *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). And while the State argued that *"some"* of the exhausted claims were procedurally barred (State's Memorandum at 2 (emphasis added)), and hence could be deemed exhausted, it did not argue that all of the unexhausted claims could be deemed exhausted. Indeed, even as to the unexhausted claim of lack of an adequate hearing, which the State contended Gandarilla "cannot" now assert in State court because

"[n]o avenue of relief now remains" (*id.* at 3), the State acknowledged that the provision on which it relied for that proposition states only that collateral review "may" be denied, N.Y.Crim. Proc. L. § 440.10(3)(a), and hence the procedural bar is "discretionary, not mandatory" (State's Memorandum at 3 n. 1). The State did not suggest that that discretion in fact had been exercised to deny Gandarilla review. Thus, it appears that the State correctly argued that Gandarilla's petition contained claims that were unexhausted; but it is unclear whether the district court dismissed Gandarilla's petition on this ground, given the court's adoption of the State's entire memorandum.

■ As discussed in our opinion filed today in *Miranda v. Bennett,* 322 F.3d 171 (2d Cir.2003), in many cases a reviewing court is impeded in performing its duties if the district court has not identified the ground or grounds on which it has decided a case. Here, for example, there appears to be a *factual question* as to whether Gandarilla had a hearing on his challenge to the existence of probable cause; the State's Memorandum stated that he made no request for a hearing, but it stopped short of saying that no hearing was held; the petition complained of a denial of the right of confrontation "[a]t the hearing." Although the merits of a Fourth Amendment challenge are not reviewable in a federal habeas proceeding if a defendant has had a fair opportunity to litigate that question in State court, *see Stone v. Powell,* 428 U.S. at 482, 96 S.Ct. 3037, Gandarilla raised due process and confrontation issues as to the fairness of the opportunity he was in fact given. The absence of a finding by the district court as to whether there was a hearing (or an adequate request for a hearing) poses difficulties for the proper assessment of the merits of this claim and resolution of the application for a certificate of appealability.

Moreover, the lack of clarity in the basis for the district court's denial of the petition in the present case has important ramifications for the efficient operation of the judicial system under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. In order to promote finality in adjudications of habeas claims, AEDPA provides, *inter alia,* that certain state prisoners who have previously filed habeas petitions must obtain authorization from the court of appeals in order to file in the district court a "second or successive" habeas petition. 28 U.S.C. § 2244(b)(3)(A). No "second or successive" petition is allowed with respect to a claim "that was presented in a prior application." *Id.* § 2244(b)(1). Further, as to a claim that was not presented in a prior application, AEDPA imposes stringent requirements as to the showing that a petitioner must make in order to obtain authorization to file a "second or successive" petition. Either the claim must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," *id.* § 2244(b)(2)(A), or the applicant must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and that the new facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B).

■ However, while an adjudication of a petition on its merits is to be accorded finality, certain types of dispositions are not sufficiently final to trigger the above provisions. The dismissal of a petition on

the ground that it contains unexhausted claims is not a final adjudication. Thus, "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). On the other hand, a decision that a petitioner has lost the right to pursue a constitutional claim because it is procedurally barred and he has failed to show cause for his default and prejudice resulting therefrom, is a decision on the merits of his habeas petition. *See, e.g., Carter v. United States,* 150 F.3d 202, 205–06 (2d Cir.1998). Thus, a dismissal "on grounds of procedural default ... renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *Id.* at 206.

When a second or successive petition or motion is filed in the district court, the district court must transfer the new petition or motion to the court of appeals for a determination of whether the petition may be filed. *See* 28 U.S.C. § 2244(b)(3)(A); *Torres v. Senkowski,* 316 F.3d 147, 151 (2d Cir.2003) (§ 2254 petition); *Liriano v. United States,* 95 F.3d 119, 123 (2d Cir. 1996) (§ 2255 motion). If all prior petitions by the applicant were rejected on the ground of exhaustion, the district court need not transfer the petition, because, under *Slack,* the new petition is not a second or successive petition. And if the district court nonetheless transfers for filing approval a petition that does need such authorization, the court of appeals will retransfer the petition to the district court for filing. Where the prior record discloses the grounds on which prior petitions were rejected, these functions may be performed relatively efficiently.

Where, however, a prior order may have disposed of the petition either on the ground of exhaustion or on any of a number of other grounds, and the ground utilized is unclear, efficiency ceases. The district judge presented with a new habeas petition will be hard-pressed to know whether the petition must be forwarded to this Court to allow the petitioner to request authorization for filing, or whether the district judge may proceed to adjudicate the matter without the need for such authorization. This Court, if it receives an application for leave to file, will face a similar dilemma and will likely remand for a determination by the district judge as to the grounds of the prior dismissal, *see, e.g., Carter v. United States,* 150 F.3d at 205 ("we have remanded to the district court for a determination of whether a proposed motion or petition is indeed 'second or successive' when it was unclear ... whether the prior habeas petition was dismissed on the merits"). The district judge on such a remand will then be required to attempt a reasoned finding by resort to a record that is ambiguous, or perhaps by soliciting an interpretation from the judge who denied the petition, who may have little independent recollection of which of the several alternatives formed the basis for his opinion. And the latter course will not be available if the judge who decided the prior petition is no longer on the Bench.

As indicated above, the State's Memorandum correctly pointed out that Gandarilla's petition contained unexhausted claims, not all of which were procedurally barred. Under AEDPA, the district court has the authority to deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). It does not appear that the district court here exercised this authority, for the State's Memorandum did not request that result but urged that the entire petition be rejected on the ground

that some claims were not exhausted or that various claims be rejected on grounds of procedural bar, lack of federal constitutional dimension, or lack of merit. The district court's adoption of the State's Memorandum in its entirety leaves unclear which of these grounds was the basis for decision.

In light of the factual issue described above and the institutional need for clarity as to whether a habeas petition has been rejected for merits-based reasons or for lack of exhaustion, we remand the present matter to the district court for identification of the ground on which it denied the present petition. We hold the certificate-of-appealability application in abeyance pending receipt of clarification from the district court.