20-112-cv
Patel v. NYU Langone Hospitals

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
John M. Walker, Jr.,
Robert D. Sack,
Susan L. Carney,
*Circuit Judges.*

---

Pankaj R. Patel,

*Plaintiff-Appellant*,

v.                                                                      20-112

NYU Langone Hospitals,

*Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:                    Pankaj R. Patel, pro se,
                                             Ronkonkoma, NY.

FOR DEFENDANT-APPELLEE:                      Michael S. Arnold, Mintz,
                                             Levin, Cohn, Ferris, Glovsky
                                             & Popeo, P.C., New York,
                                             NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Appellant Pankaj Patel, pro se, sued his former employer, New York University ("NYU") Langone Hospitals, asserting religious discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; and retaliation and interference with his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. The district court granted NYU's motion to dismiss the complaint in a brief order offering no analysis. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Shortcomings of Patel's Appellate Brief**

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted). Nevertheless, pro se appellants must comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). We may consider "abandoned any claims not adequately presented in an appellant's brief," even if the appellant is proceeding pro se. *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997). But "[o]ur abandonment principles are prudential, not jurisdictional, and we have discretion to consider abandoned arguments to avoid

a manifest injustice." *Kotler v. Jubert*, 986 F.3d 147, 159 n.49 (2d Cir. 2021) (internal quotation marks omitted).

In his brief on appeal, Patel argues in conclusory fashion that he satisfied the requirements for stating ADA discrimination and FMLA retaliation claims and pleaded the necessary elements of those claims. He does not explain, however, how the district court erred in its ruling that he failed to state claims under the numerous statutes that he invoked. Although it may be argued that he thus abandoned any challenge on appeal to the complaint's dismissal, the district court's order did not explain the reason for its decision or describe how Patel's allegations were deficient. It thus gave Patel little basis for mounting his challenge on appeal.[1] In light of this observation, we choose to exercise our discretion and excuse Patel's conclusory challenge in the interest of avoiding manifest injustice.

## II.     Sufficiency of the Complaint's Allegations

We review de novo the dismissal of a complaint for failure to state a claim. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[1] The Federal Rules of Civil Procedure do not require district courts to provide reasoning when they determine Rule 12 motions. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12[.]"). Although the district court invoked the general Rule 12(b)(6) standard, its brief order of dismissal gave this Court little basis for conducting a "meaningful appellate review." *Rudenko v. Costello*, 322 F.3d 168, 170 (2d Cir. 2003). We have repeatedly pointed out that the better practice is for district courts to explain their reasoning. In *Watkins v. City of New York*, we noted that "[w]e do not generally require that district courts set forth in exhaustive detail their rationale for dismissing actions brought by *pro se* litigants," but we emphasized that "notions of simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court." 768 F. App'x 101, 102 n.1 (2d Cir. 2019) (summary order) (internal quotation marks omitted). Cases in which this Court has affirmed orders that contained little or no reasoning usually have involved vexatious litigants or patently frivolous claims in which amendment would not cure any deficiency. *See, e.g.*, *Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020) (summary order). This case does not present any such situation.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[Although] a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). To survive a Rule 12(b)(6) motion to dismiss in an employment discrimination case, a plaintiff need only plausibly allege facts that give rise to an inference of unlawful conduct. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015).

In the discussion below, we describe allegations that Patel makes in his complaint. We also note factual allegations that he makes in letters submitted to the district court and to our Court. Because we decide that these are enough to support remand to allow Patel an opportunity to replead, we limit our review of the Rule 12(b)(6) dismissal to pointing out areas in which Patel's allegations are only marginally sufficient and whose shortcomings might have lay behind the district court's dismissal order. On remand, Patel—if he wishes to proceed—should file an amended complaint addressing these areas and stating additional factual allegations in support of the claims he wishes to pursue.

### A. Religious Discrimination Claim

A plaintiff is entitled to a reasonable accommodation for his religious beliefs, as long as that accommodation does not impose an undue hardship on his employer. *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (citing 42 U.S.C. § 2000e(j)). For his complaint to give rise to an inference of religious discrimination, Patel needed to plausibly allege that (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of

this belief; and (3) he was disciplined for failing to comply with the conflicting employment requirement. *See Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006).[2]

Here, Patel alleges that, on May 5, 2017, he left work early with permission, after his work was done, to attend a religious event. His complaint does not specify whether the event was mandatory pursuant to his Hindu religion, nor whether he explained to his employer why he needed to leave the office early. Patel alleges that his supervisor fired him for leaving. NYU argues on appeal that the complaint leaves open the possibility that his supervisor was not aware of his beliefs. Patel alleges in a letter filed after his complaint, however, that the supervisor previously observed him reading a religious text and directed him not to read at work, providing some support for the inference that she was generally aware of his religious beliefs.

## B. Disability Discrimination and Failure-to-Accommodate Claims

To support an inference of disability discrimination, Patel needs to plausibly allege that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (per curiam) (footnote omitted). Similarly, to support a failure-to-accommodate claim, he must plausibly allege the same first three factors, and also that his employer refused to make a reasonable accommodation. *See id.*

In his complaint, Patel has alleged enough facts to suggest that he had a variety of medical conditions, including ear, eye, dental, knee, shoulder, back, and sciatica problems, and he has

---

[2] To the extent that Patel also alleged discrimination claims under the New York State Human Rights Law, such claims are analyzed under the same standard as are Title VII and ADA claims, and will stand or fall for the same reasons. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (Title VII claims); *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004) (ADA claims).

alluded to medical records he can provide in support of those allegations. As pleaded, however, these are insufficient to support an inference of disability within the meaning of the ADA, the second factor listed above. As to the third factor, his allegations also fall short: he does not describe the essential functions of his job as a nuclear medicine technologist, nor whether he was able to perform them.

Patel does allege some facts suggesting that his termination may have been motivated by discrimination based on his disabilities, satisfying the fourth factor above: the complaint asserts that his medically necessary absences caused scheduling difficulties and that when he informed his supervisor of his eye injuries, she responded in a derogatory way. Regarding the additional element for a failure-to-accommodate claim, Patel alleges that NYU denied him short term–disability leave for a back injury, possibly supporting an inference that NYU failed to make a reasonable accommodation.

Because the allegations raised in the complaint alone do not satisfy all the requirements for a claim for discrimination or for a failure to accommodate, the district court did not err in concluding that Patel failed to state a claim under the ADA. Nonetheless, the additional allegations in Patel's letter submissions and in his brief on appeal suggest that, given the opportunity to amend his complaint, Patel could state an adequate claim. These include, for example, additional details regarding his medical conditions that could support an inference of disability within the meaning of the ADA; statements he made on appeal that he had received positive performance reviews throughout the twenty years he worked for NYU; and his contention on appeal that he was terminated because of his alleged disabilities.

### C. FMLA Interference and Retaliation Claims

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of[,] or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). For Patel's

complaint to give rise to an inference of interference with FMLA rights, he had to plausibly allege that he was an eligible employee under the FMLA; NYU is an employer covered by the FMLA; he was entitled under the FMLA to take leave; he gave notice to NYU of his intention to take leave; and he was denied benefits to which he was entitled under the FMLA. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). Similarly, for his complaint to give rise to an inference of retaliation for using FMLA leave, Patel needed to plausibly allege that "1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Id.* at 429 (internal quotation marks and footnote omitted). An employer violates the FMLA when it considers an employee's use of FMLA leave as "a negative factor in its decision to terminate him." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 176 (2d Cir. 2006).

Patel alleges that NYU approved his application for FMLA leave related to his need for dental surgery. This allegation suggests that he was eligible for FMLA leave, entitled to take it, and gave NYU notice. He also alleges that he was fired for his absences (specifically, for a record of absences culminating in his May 2017 early departure) and that NYU counted medical leave covered by the FMLA against him in evaluating his attendance record. Patel took leave for eye surgery in the month before May 2017, when he was dismissed, and had been approved for upcoming FMLA leave for dental surgery. That temporal connection between a series of protected absences and his firing for poor attendance gives rise to a plausible inference that he was fired for taking FMLA leave. *See Littlejohn v. City of New York*, 795 F.3d 297, 320 (2d Cir. 2015) (holding that allegations that "protected activity was followed closely by discriminatory treatment" were sufficient to withstand a motion to dismiss (internal quotation marks omitted)); *Summa v. Hofstra Univ.*, 708 F.3d 115, 128 (2d Cir. 2013) (explaining that there is no "bright line" rule for

determining temporal proximity and that this Court has found that even months-long gaps between the exercise of a right and an adverse employment action could imply a causal connection). These same allegations plausibly support the first, third, and fourth factors of a FMLA retaliation claim.

Patel did not address the second factor—whether he was qualified for his position—in his district court filings, but he added in his appeal brief that he was qualified because he worked for NYU for twenty years with positive performance evaluations. These allegations veer toward successfully stating an FMLA and FMLA retaliation claim on remand.

## III.  Opportunity to Amend

The district court erred by failing to provide Patel with an opportunity to amend his complaint because the record indicates that Patel could plausibly have alleged enough facts to give rise to an inference of unlawful conduct. "A *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted); *see also Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." (internal quotation marks and citation omitted)). Providing leave to amend is not necessary, however, when "the proposed claim could not withstand a motion to dismiss" pursuant to Rule 12(b)(6) and would therefore be futile. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Here, the district court did not explicitly rule that amendment was futile, much less explain why it would be futile.

NYU points out that Patel did not expressly request an opportunity to amend, and on this basis it argues that the district court committed no error by dismissing the complaint with prejudice and offering Patel no opportunity to cure the complaint's deficiencies. But NYU overlooks the

"relaxed standard [that] applies with particular force to *pro se* litigants" when granting leave to amend. *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Indeed, NYU repeatedly argues that the district court's ruling was correct because Patel's complaint was inadequate in ways alluded to above. But its arguments suggest that Patel could plead sufficient facts in an amended complaint to defeat dismissal. It is true, as NYU speculates, that some of Patel's claims may be time-barred or may not succeed because they were not properly exhausted. In sum, however, the added facts in Patel's letter submissions to the district court, which contextualize the events described in his complaint, as well as his submissions to this Court, give at least some indication that a valid claim "*might* be stated." *Id.* at 70 (internal quotation marks omitted) (emphasis in original). The district court should have given Patel both an explanation and at least one opportunity to amend his complaint to cure its shortcomings.

## CONCLUSION

For these reasons, we **VACATE** the judgment of the district court and **REMAND** the case with directions that Patel—if he desires to proceed—be provided an opportunity to amend his complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9