Jones, J.
At the suppression hearing the court refused to require the People to disclose the identity of the informer who furnished the information which provided the basis for defendant’s arrest. We are asked on this appeal to review the propriety of that refusal as well as the legality of the warrantless search of the attaché case which defendant was carrying when he was arrested.
The Rochester police arrested defendant at 10:20 p.m. on Wednesday evening, December 24, 1969, at the Rochester Monroe County Airport following his arrival on a flight from New York City. The police immediately took the attaché case which defendant had been carrying in his hand. He was escorted to an airlines office across the hallway where the police conducted simultaneous searches of defendant’s person and of the attaché case. A very substantial quantity of héroin was recovered from the attaché case. There was testimony that after the attaché case had been opened and the heroin discovered, defendant was observed in handcuffs.
At the suppression hearing the police testified that on the preceding Monday, December 22, about noon, they had received an anonymous telephone tip that a large shipment of heroin was coming into Rochester. In response to street inquiries prompted by that tip, the police were informed that the supply of heroin in Rochester was low. Additionally it was their testimony that about 6:00 p.m. that evening a previously reliable informer with whom they had spoken during the afternoon, telephoned to say that a large shipment was indeed coming in on a late flight from New York City. The precise day of arrival was not specified. Police testified that the informer described the prospective carrier of the incoming shipment as to his build and the clothing he would be wearing and added that he would be carrying an attaché case. It was testified that the informer in this instance had named the two individuals through whom he had obtained his information (each of whom was known to the police) and that the police knew the informer to be reliable because he had previously furnished information leading to arrests and convictions for drug offenses. The description of *180 the carrier furnished by the informer tallied with that of defendant when he was arrested.
The court sustained the District Attorney’s refusal to disclose the name of the informer.
Following denial of the motions to suppress, defendant pleaded guilty to criminal possession of a dangerous drug in the third degree in violation of section 220.20 of the Penal Law.
Taking the issues presented in inverse order, we encounter no difficulty in sustaining the search of defendant’s attaché case. The search was clearly incidental to that arrest. Defendant had been carrying the case and it was taken from his right hand when he was arrested. He was escorted immediately to an available airlines office just off the hallway in which he had been arrested and he and the attaché ease were promptly searched. Such a search falls within the permissible scope of Chimel v. California (395 U. S. 752) under even its most restricted reading. The attaché case was surely within defendant’s grabbable reach. Not to have seized it would have been both to expose the arresting officers to the risk of serious injury by means of weapons which might have been concealed in the case, as well as to risk destruction of the incriminating evidence which the case might have contained. The search of the attaché case was a proper incident to defendant’s arrest. (Chambers v. Maroney, 399 U. S. 42; United States v. Mehciz, 437 F. 2d 145, cert. den. 402 U. S. 974; see People v. Loria, 10 N Y 2d 368, 373.)
We turn, then, to the more troublesome question — that of probable cause for defendant’s arrest. It is not seriously contended that the information furnished by the informer was not sufficient to establish probable cause. Rather appellant contends that the District Attorney’s refusal to disclose the identity of the informer, sustained by the suppression hearing Judge, deprived him of a fair hearing on the issue. It is this aspect of the case which is troublesome.
Probable cause for the arrest of this defendant could have been found only in the information furnished by the so-called “ reliable ” informer. The only evidence separate therefrom was the wholly anonymous noontime call on December 22 and the information subsequently gleaned from street inquiries that the supply of heroin in Rochester was low. Neither item, of *181 course, afforded any basis whatsoever for the arrest of this defendant. Nothing observed by the arresting officers prior to defendant’s arrest would support the arrest.
We affirm the order of the Appellate Division which upholds the refusal to disclose the identity of this informer under constraint of our decision in People v. Castro (29 N Y 2d 324; cf. People v. Malinsky, 15 N Y 2d 86).
In any event the court regards it as fair and wise, in a case such as this, where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer, when the issue of identity of the informer is raised at the suppression hearing, for the suppression Judge then to conduct an in camera inquiry. The prosecution should be required to make the informer available for interrogation before the Judge. The prosecutor may be present but not the defendant or his counsel. Opportunity should be afforded counsel for defendant to submit in writing any questions which he may desire the Judge to put to the informer. The Judge should take testimony, with recognition of the special need for protection of the interests of the absent defendant, and make a summary report as to the existence of the informer and with respect to the communications made by the informer to the police to which the police testify. That report should be made available to the defendant and to the People, and the transcript of testimony should be sealed to be available to the appellate courts if the occasion arises. At all stages of the procedure, of course, every reasonable precaution should be taken to assure that the anonymity of the informer is protected to the maximum degree possible.
The weighty considerations countervailing against disclosure of the identity of police informers are evident — “ the furtherance and protection of the public interest in effective law enforcement ” (Roviaro v. United States, 353 U. S. 53, 59). Assuring the desirable flow of useful information to the police will, of course, depend on predictable and reliable assurances that anonymity of informers will be preserved. The question as to when and in what manner, if at all, identity of the informer and verification of his communication should be established calls for a sensitive and wise balancing of the rights of the *182 individual defendant and the interests of the public. Such a procedure as we have described would be designed to protect against the contingency, of legitimate concern to a defendant, that the informer might have been wholly imaginary and the communication from him entirely fabricated. At the same time the legitimate interests of the police in preserving the anonymity of the informer would be respected.
To the extent indicated, where the determination of probable cause necessarily rests on communications received from an otherwise unidentified informer, we would depart from other decisions of our court holding that the issue of probable cause must be determined solely on the basis of a record fully available to the defendant (e.g., Matter of Sarisohn, 21 N Y 2d 36, 42-43; People v. McCall, 17 N Y 2d 152, 158). .
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Wachtler, Stevens and Rabin concur; Judge Gabrielli taking no part.
Order affirmed.