In the Matter of JAMES REILLY et al., Respondents, v FRANCIS MCKNIGHT, as Town Justice of the Town of Brunswick, et al., Respondents, and JEFFREY DOWNEY, Appellant.

Third Department, May 21, 1981

APPEARANCES OF COUNSEL

*John J. Sweeney, Jr.,* for appellant.

*James T. Viger* for James Reilly and another, respondents.

OPINION OF THE COURT

CASEY, J.

The petitioners instituted this proceeding, pursuant to CPLR article 78, to compel respondent McKnight, as Town Justice of the Town of Brunswick, Rensselaer County, to

provide them with a copy of the transcript and of all exhibits introduced at a preliminary hearing held in that court on March 18, 1980 in connection with a charge of murder in the second degree against the respondent Jeffrey Downey. The charge arose out of the death by beating of Stephanie D. Stambler, whose body had been found in that town on March 13, 1980. The crime had become a much publicized and sensationalized news event. The respondent McKnight had ordered the hearing closed to the press and to the public on the motion of counsel for Downey. Inasmuch as petitioners were not present at that time, their requested relief is limited necessarily to obtaining a transcript of the hearing and copies of the evidentiary exhibits offered thereat.

The motion was originally returnable at a Special Term on April 18, 1980. On June 18, 1980 Special Term ordered respondent McKnight to "hold a hearing and make findings in accordance with the standards and guidelines" consistent with its decision rendered June 16, 1980.

Prior to the scheduled hearing in Town Court, Downey's counsel again requested exclusion of the public and press in order to preserve the purpose of the closure. This motion was also granted and the Town Court, after hearing arguments on behalf of petitioners and Downey, refused to provide the transcript or the exhibits for the reason that their disclosure would jeopardize the latter's right to a fair trial.

Thereupon, petitioners moved at Special Term for an order compelling respondent McKnight to provide them with a transcript of the hearing and a copy of the exhibits. Special Term granted the motion in all respects. In doing so, Special Term overlooked the fact that the charge of murder in the second degree was still pending against Downey and that it was ordering full public disclosure of a preliminary hearing that contained a statement allegedly made by him at a time when such statement was not subject to a ruling by the trial court as to its ultimate admissibility at trial *(Matter of Gannett Co. v Weidman,* 102 Misc 2d 888, 897). Such a "legal bombshell * * * would hopelessly jeopardize [Downey's] right to a fair trial if made available to the public" *(Matter of Westchester Rockland News-*

*papers v Leggett*, 48 NY2d 430, 440), particularly in light of the widespread publicity concededly present here.

No attempt was made by Special Term to strike a balance between the right of Downey to a fair trial and the interest of the public therein, as required by *People v Darden* (34 NY2d 177), by considering the relevant factors prescribed in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430, *supra*). Despite the rule set forth in *Matter of Gannett Co. v De Pasquale* (43 NY2d 370, 381) that "the courts should of course afford interested members of the news media an opportunity to be heard, not in the context of a full evidentiary hearing, but in a preliminary proceeding adequate to determine the magnitude of any genuine public interest", Special Term based its determination solely on the fact that no witnesses were summoned nor any testimony taken. Nothing contained in the prescribed test requires sworn testimony.

Given the display of public curiosity in this sensational murder case and the extensive media coverage it had generated in the county of venue, which necessarily "would threaten the impaneling of a constitutionally impartial jury", the pretrial hearing was presumptively closed to the public *(Matter of Gannett Co. v De Pasquale, supra,* p 380), and there was nothing advanced by petitioners to counterbalance the imminent threat of prejudice to respondent Downey inherent in the public disclosure of potentially tainted evidence as ordered by Special Term. Pursuant to CPL 180.60 (subd 9), closure of the hearing at the defendant's request rested in the court's discretion, and in our view, the determination of the Town Court to close the preliminary hearing was a proper exercise of that discretion in the circumstances and accorded with the procedural requirements framed by *Matter of Westchester Rockland Newspapers v Leggett (supra)* and *Matter of Gannett Co. v De Pasquale (supra)*.

In view of this determination, the only relief to which petitioners are entitled is a transcript of the preliminary hearing and copies of the exhibits when respondent Downey is no longer in jeopardy *(Matter of Gannett Co. v Weidman, supra,* p 900).

The judgment should be modified, on the law, by providing that the disclosure ordered therein be made only after respondent Jeffrey Downey is no longer in jeopardy on the charges arising out of the death of Stephanie D. Stambler, and, as so modified, affirmed, without costs.

MAIN, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Judgment modified, on the law, by providing that the disclosure ordered therein be made only after respondent Jeffrey Downey is no longer in jeopardy on the charges arising out of the death of Stephanie D. Stambler, and, as so modified, affirmed, without costs.