■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEATRICE MARIN, Also Known as BEATRIZ MARIN, Also Known as BEATRICE CECILIA MARIN, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 16, 1988, convicting defendant, upon her guilty plea, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18), and sentencing her to an indeterminate term of imprisonment of from three years to life, unanimously affirmed.

Contrary to defendant's contention, the court properly denied her request for an in camera hearing pursuant to *People v Darden* (34 NY2d 177, 181). There were no allegations that the police informant was imaginary or the communications fabricated. A police officer may make an arrest without a warrant ·when there is probable cause to believe the person has committed a crime and the probable cause may be supplied through hearsay information *(People v Johnson, 66 NY2d 398, 402)*. To establish probable cause based on hearsay, it must be shown that the informant was reliable and had

some basis for the knowledge transmitted to the police *(Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Johnson, supra).* This two-prong test was met herein as the police testimony established the informer's long record for giving reliable information and that the informant's information was the result of personal knowledge and direct observation. Further, the informant's reliability and basis of knowledge were confirmed by police observation. Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.