■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HEPBURN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Lamont, J.), rendered June 14, 1990, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Defendant was convicted after trial of one count of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. These convictions were rendered on each of the first two counts of defendant's indictment and were the only charges submitted to the jury for its consideration. Defendant was sentenced as a second felony offender to concurrent indeterminate prison terms of 7½ to 15 years.

Defendant's first claim on this appeal is that County Court impermissibly used testimony adduced at the *Darden* hearing, which was conducted subsequent to the suppression hearing, to support its determination that Village of Monticello police officers had reasonable suspicion to stop the taxicab in which defendant was riding.

At the suppression hearing, the testimony of Police Officer Thomas O'Connor revealed that he had been told by a confidential informant that a black male wearing a black jacket and black Yankees baseball cap arrived early every Sunday morning at the Shortline bus terminal in the Village of Monticello, Sullivan County, carrying crack cocaine. O'Connor said that the source of the confidential informant's information was the person who would be carrying the drugs. O'Connor also stated that he had known the informant for about a year and that the informant had previously supplied O'Connor with information that led to an arrest and conviction. O'Connor was unable to act on this information until about two weeks after he received it. Finally, on May 7, 1989, he awaited the arrival of the New York City bus with another officer.

Seven or eight people left the bus and only defendant was wearing the black jacket and cap that had been described by the informant. When defendant and a female companion who was with him saw the police car, they ran to a taxi that then left the station. The officers followed, and about 10 blocks later stopped the taxi. When the officers approached defendant jumped from the cab, appearing nervous. His companion then emptied the contents of her bag on the seat, saying they had nothing to hide. O'Connor, aided by the flashlight he was shining into the back seat of the cab, noticed a "brown paper bag with [a] plastic bag protruding out of [the] end of [the] brown paper bag where I could see vial[s] of crack". Defendant jumped back into the cab and attempted to push the bag under the seat. Defendant and his companion were then placed under arrest.

After the suppression hearing, defendant requested a *Darden* hearing *(see, People v Darden,* 34 NY2d 177), which was afforded him. Such a hearing should be held "where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer" *(supra,* at 181). As *People v Darden (supra)* indicates, this rule extends to cases involving reasonable suspicion. Here, the informant did not testify at the suppression hearing. However, testimony concerning his existence and reliability was adduced at the suppression hearing from O'Connor. The informant appeared and testified at the *Darden* hearing, thereby establishing his existence and offering defendant an opportunity to question his reliability and the information he provided. Contrary to defendant's claim that the testimony of the *Darden* hearing cannot be used as a supplement to the testimony of the suppression hearing, we view the *Darden* hearing as an extension of the suppression hearing because it validates the existence of the informant and his communications with the police *(see, People v Carpenito,* 80 NY2d 65, 68-69). Even if the testimony regarding reasonable suspicion were to be limited to that offered at the suppression hearing, we believe that sufficient evidence existed to warrant a stop of the taxi. The testimony of O'Connor as to the identity of defendant generally fit the description given by the informant. This information, coupled with O'Connor's own observation at the bus station, provided reasonable suspicion for the police to stop the taxi in which defendant was riding *(see, People v Landy,* 59 NY2d 369, 376; *see also, People v Green,* 185 AD2d 1009).

We further conclude that there is no substance to defen-

dant's argument that the prosecution's conduct has caused substantial prejudice to defendant so that he has been denied due process of law. County Court sustained defendant's objections to the prosecutor's leading questions and instructed the jury to disregard the prosecutor's comments during summation (see, People v Tarantola, 178 AD2d 768, 770, lv denied 79 NY2d 954).

Based on the foregoing, the judgment of conviction should be affirmed.

Weiss, P. J., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.