■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RENE CABREJA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERMAN PEREZ, Respondent. [663 NYS2d 203] —Order of the Supreme Court, New York County (Ira Beal, J.), entered on or about December 4, 1995, which, *inter alia*, granted defendants' motions to suppress physical evidence, reversed, to the extent appealed from, on the law and the facts, the motions denied, and the matter remanded for further proceedings.

Originally, another Justice of the Supreme Court reviewed the application underlying the issuance of the search warrant, found that "the original search warrant application contained facts which established probable cause" for the issuance of the warrant and limited defendant to a *Darden* hearing (*People v Darden*, 34 NY2d 177) solely with respect to the legality of the search warrant.

The suppression court, therefore, violated the "law of the case" doctrine when it made a contrary finding and granted the motion on the ground that there was no evidence that the confidential informant had "provided sufficient information to provide probable cause for the issuance of the search warrant." There were no extraordinary circumstances warranting reconsideration (*People v Delgado*, 225 AD2d 478, *lv denied* 88 NY2d 983). No evidence was introduced at the hearing which changed or affected any of the information before the prior Justice when he made his ruling.

Further, the prior ruling was supported by the evidence presented. In the application underlying the search warrant, Detective Abbate made a sworn account that provided reason to believe the informant was reliable, set forth the informant's basis for believing drugs and weapons were present in the apartment and established that a crime was being committed in the apartment and that evidence of that crime was in the apartment. Accordingly, the supporting information clearly provided probable cause for the issuance of the warrant (*People v Griminger*, 71 NY2d 635, 639).

In any event, had the People been on notice that at the suppression hearing they would be required to establish probable cause for the issuance of the warrant, and that the court would not examine the warrant application in the court file unless the People introduced it into evidence, they would only have had to introduce Detective Abbate's affirmation, which clearly provided probable cause for issuance of the warrant, including the detective's communication with the informant.

The People were entitled to rely on the prior ruling sustain-

ing probable cause, the fact that the prior Justice issued a protective order sealing the record and the fact that the search warrant application was part of the court file in concluding that it was not necessary to formally introduce the warrant application into evidence at the limited *Darden* hearing. Concur—Sullivan, J. P., Nardelli and Mazzarelli, JJ.

Milonas and Williams, JJ., dissent in a memorandum by Williams, J., as follows: We would affirm the order granting defendants' motions to suppress physical evidence. Having established to the hearing court's satisfaction that the confidential informant was unavailable because of fear, the People were properly given the opportunity to establish through alternative means the existence of the confidential informant and the communications made by the confidential informant to the police establishing probable cause for the issuance of the search warrant (*see, People v Fulton*, 86 AD2d 675, *affd* 58 NY2d 914). The hearing court properly found that the People failed to meet their obligation to provide sufficient evidence at the *Darden* hearing "with respect to the communications made by the informer to the police" establishing probable cause for issuance of the search warrant (*People v Darden*, 34 NY2d 177, 181), and thus properly suppressed the physical evidence recovered from the premises covered by the warrant. The fact that the motion court had already found the warrant application to be facially sufficient is immaterial because the procedural requirements in connection with a *Darden* hearing apply even where it is "not seriously contended that the information furnished by the informer was not sufficient to establish probable cause" (*People v Darden, supra,* at 180). Furthermore, the protective order issued in connection with the search warrant application did not prevent or excuse the People from making the requisite showing at the *Darden* hearing that the communications establishing probable cause actually occurred. Since the People "had a full opportunity to present their case at the original hearing, and failed through their own neglect, they are not entitled to try again" (*People v Payton*, 51 NY2d 169, 177).