■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ACOSTA ANGELES, Also Known as ROBERTO ANTONIO ACOSTA, Appellant. [671 NYS2d 1000] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Cooperman, J.), both rendered May 19, 1995, convicting him of burglary in the first degree and robbery in the first degree (two counts), under Indictment No. 3195/94 upon a jury verdict, and of attempted murder in the second degree (four counts), criminal possession of a weapon in the second degree, and tampering with a witness in the third degree (two counts), under Indictment No. 3645/94, upon a jury verdict, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgments are affirmed.

The trial court acted properly in limiting the cross-examination of an arresting officer at the suppression hearing in order to protect the identity of the confidential informant (*see, People v Adrion*, 82 NY2d 628, 634; *People v Castillo*, 80 NY2d 578, 583-584, *cert denied* 507 US 1033; *People v Goggins*, 34 NY2d 163, *cert denied* 419 US 1012; *People v Huggins*, 36 NY2d 827; *People v Darden*, 34 NY2d 177, 181). In addition, the summary report issued by the court satisfied the requirements of *People v Darden* (*supra*, at 181).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions under Indictment No. 3645/94 is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 18-19). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Cabey*, 85 NY2d 417, 421; *People v Williams*, 84 NY2d 925, 926; *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable

doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt under that indictment was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.