**Jerry VEGA, Petitioner–Appellant,**

v.

**WARDEN, CLINTON CORRECTION-
AL FACILITY DANNEMORA, NEW
YORK, Respondent–Appellee.**

No. 04–0316.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2004.

Arza Feldman, Feldman & Feldman, Hauppauge, N.Y., for Appellant.

Thomas S. Burka, Assistant District Attorney (Leonard Joblove, Victor Barall, Assistant District Attorneys, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, N.Y., for Appellee.

Present: OAKES, KATZMANN, and WESLEY, Circuit Judges.

SUMMARY ORDER

Petitioner–Appellant Jerry Vega appeals from the judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *District Judge*), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his appellate counsel was constitutionally ineffective in failing to object to various aspects of a hearing held in state trial court pursuant to *People v. Darden*, 34 N.Y.2d 177, 356 N.Y.S.2d 582, 313 N.E.2d 49 (1974). We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm.

We review the district court's denial of relief under § 2254 *de novo*. *See Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir.2002). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court must ascertain whether the state court's adjudication of the petitioner's ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). In order to prevail, the petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, the petitioner must do more than "convince a federal habeas court that, in its independent judgment, the state court applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively reasonable manner." *Cox v. Donnelly*, 387 F.3d 193, 197 (2d Cir.2004) (citing *Bell v.*

*Cone,* 535 U.S. 685, 689–90, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002)).

In the instant case, the district court concluded that appellate counsel's failure to (1) provide the trial court with questions for the *Darden* hearing, (2) object to the re-opening of the *Darden* hearing, and (3) raise this issue on direct appeal, did not constitute ineffective assistance of counsel. We agree with the district court that the petitioner has failed to identify any meaningful way in which he was prejudiced by his appellate counsel's purported shortcomings, nor has he demonstrated that the state court applied *Strickland* in an objectively unreasonable manner.

Accordingly, for the foregoing reasons, we hereby AFFIRM the judgment of the district court.