# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

335
KA 08-01689
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DERYL BROWN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY A. GILLIGAN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered June 16, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends in each appeal that County Court erred in refusing to suppress physical evidence based on its determination following a *Darden* hearing with respect to the confidential informant relied upon by the police. We reject that contention (*see generally People v Edwards*, 95 NY2d 486, 493-494; *People v Darden*, 34 NY2d 177, 181-182, *rearg denied* 34 NY2d 995). We have reviewed the sealed transcript of the *Darden* hearing, as well as the court's requisite "summary report as to the existence of the informer and with respect to the communications made by the informer to the police to which the police testify" made available to defendant and the People (*Darden*, 34 NY2d at 181). Based on those documents, we conclude that the court properly determined that the confidential informant existed and that he provided the information to the police concerning defendant's possession of the handgun at the location where defendant was stopped by the police and subsequently arrested.

Entered: March 16, 2012                         Frances E. Cafarell
                                                Clerk of the Court