People v Nettles (2019 NY Slip Op 03816)





People v Nettles


2019 NY Slip Op 03816


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10548
 (Ind. No. 7641/14)

[*1]The People of the State of New York, respondent,
v
Devon Nettles, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered September 8, 2016, convicting him of criminal possession of a firearm, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Betty J. Williams, J.), of the defendant's motion to controvert a search warrant and for a Darden hearing (see People v Darden, 34 NY2d 177).
ORDERED that the matter is remitted to the Supreme Court, Kings County, for an in camera hearing and inquiry in accordance herewith and with the guidelines set forth in People v Darden (34 NY2d 177), and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
On September 4, 2014, a detective with the New York City Police Department obtained a "no-knock" search warrant, which authorized a search of an apartment in a 21-story building in Brooklyn. The search warrant was based upon the detective's affidavit, in which he stated that he arranged two controlled drug buys, during which a registered confidential informant (hereinafter the CI), who "is a former user of Narcotics and has had experience in the illegal narcotics trade," purchased crack cocaine from individuals in the subject apartment. The detective stated that, prior to the controlled drug buys, he confirmed that the CI had no contraband or money and then provided the CI with money before the CI entered the building. The detective stated that on both occasions, he observed the CI enter the building and then exit the building a short time later, at which time the CI met the detective at a prearranged location and handed the detective two plastic bags containing a "white rocky substance," which was later confirmed to be crack cocaine.
After one controlled drug buy, the detective was informed by the CI that the CI had knocked on the door of the subject apartment and purchased crack cocaine from "JD Female' (described as dark skinned female black, approx 40-45 years old, with a heavy build, and braids)." After the other controlled drug buy, the detective was informed by the CI that the CI had knocked on the door of the subject apartment and purchased crack cocaine from "JD Black' (described as male black, approx 30-35 years old, with a thin build, close haircut, and tattoos on his arms)."
Upon executing the search warrant, the detective recovered a loaded handgun [*2]wrapped in a T-shirt in a closet in the bedroom where the defendant was sleeping at the time the warrant was executed. The defendant was arrested and charged with criminal possession of a firearm and possession of a pistol or revolver ammunition. After a jury trial, the defendant was acquitted of possession of a pistol or revolver ammunition. The Supreme Court subsequently declared a mistrial after the jury failed to reach a unanimous verdict on the remaining charge. At the retrial, there was conflicting evidence and testimony concerning whether the defendant resided at the subject apartment. However, it was undisputed that the defendant would, on occasion, sleep at the subject apartment and that he kept some of his personal belongings there. At the conclusion of the retrial, the defendant was convicted of criminal possession of a firearm (Penal Law § 265.01-b).
We agree with the defendant that the Supreme Court erred in denying that branch of his motion which was for a Darden hearing (see People v Darden, 34 NY2d 177, 181; see also People v Edwards, 95 NY2d 486, 489; People v Givans, 156 AD3d 1470, 1470; People v Phillips, 237 AD2d 971, 971), and that this issue is preserved for appellate review. The Court of Appeals has held that a Darden hearing is necessary where there is insufficient evidence to establish probable cause without information provided by a confidential informant (see People v Crooks, 27 NY3d 609, 612-613; People v Edwards, 95 NY2d at 493). "[A] Darden rule is necessary in order to fulfill the underlying purpose of Darden: insuring that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity. The surest way to accomplish this task is to produce the informant for an in camera examination" (People v Edwards, 95 NY2d at 494; see People v Adrion, 82 NY2d 628, 635). This procedure is "designed to protect against the contingency, of legitimate concern to a defendant, that the informer might have been wholly imaginary and the communication from him [or her] entirely fabricated" (People v Darden, 34 NY2d at 182). "[T]he court should conduct an in camera inquiry outside the presence of defendant and his [or her] counsel, and make a summary report regarding the existence of the informer and communications made by the CI to the police, taking precautions to protect the anonymity of the CI to the maximum extent possible" (People v Crooks, 27 NY3d at 613).
Here, contrary to the People's contentions, the detective's on-the-scene observations during the two controlled drug buys fell short of probable cause without the information provided to him by the CI. Although the detective observed the CI enter and exit the building, the detective was unable to confirm that the CI had actually purchased the narcotics from the subject apartment (see Barry Kamins, New York Search & Seizure § 7.03[4][b]; cf. People v Johnston, 158 AD3d 1206, 1207; People v Hamilton, 276 AD2d 715, 716). Accordingly, we remit the matter to the Supreme Court, Kings County, for an in camera hearing and inquiry in accordance with the guidelines set forth in Darden, and the appeal is held in abeyance in the interim. In light of our determination, we decide no other issue at this time.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court