People v Nellons (2020 NY Slip Op 05373)





People v Nellons


2020 NY Slip Op 05373


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


703 KA 17-00969

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICARDO NELLONS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 8, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in failing to conduct a Darden hearing with respect to a confidential informant who allegedly purchased heroin from defendant while working with the police (see generally People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]). Because defendant did not request a Darden hearing or object to the court's failure to conduct one, however, he failed to preserve his contention for our review (see People v Brown, 181 AD3d 1301, 1303 [4th Dept 2020]; People v Cruz, 89 AD3d 1464, 1465 [4th Dept 2011], lv denied 18 NY3d 993 [2012]). We reject defendant's assertion that his contention is preserved for appellate review under CPL 470.05 (2) because the court "expressly decided" that a Darden hearing was not warranted. Even assuming, arguendo, that the court's statement that there is "no Darden here" constitutes an express ruling that defendant was not entitled to a Darden hearing, we conclude that such ruling was not "in re[s]ponse to a protest by a party" (id.).
We also reject defendant's related contention that his attorney was ineffective in failing to request a Darden hearing. A single error rises to the level of ineffective assistance of counsel only in the rare instance when the error " 'involve[s] an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it [is] evident that the decision to forego the contention could not have been grounded in a legitimate trial strategy' " (People v Keschner, 25 NY3d 704, 723 [2015], quoting People v McGee, 20 NY3d 513, 518 [2013]; see People v Flowers, 28 NY3d 536, 541 [2016]). Additionally, counsel is not ineffective for failing to "make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Here, the issue whether defendant was entitled to a Darden hearing is not "clear-cut." Moreover, because there is no indication in the record that the confidential informant was "wholly imaginary" or that his communications to the police were "entirely fabricated" (Darden, 34 NY2d at 182; see People v Crooks, 27 NY3d 609, 613 [2016]), defendant has failed to establish that he would have been entitled to any relief had a Darden hearing been conducted.
Finally, we have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court