People v Williams (2023 NY Slip Op 01847)

People v Williams

2023 NY Slip Op 01847

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J., Kapnick, Friedman, Moulton, Kennedy, JJ. 

Ind. No. 449/13 Appeal No. 17658 Case No. 2014-2077 

[*1]The People of the State of New York, Respondent,
v
Barry Williams, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 22, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of nine months, unanimously affirmed.
The court never ruled on defendant's request for a hearing pursuant to People v Darden (34 NY2d 177 [1974]). Thus, defendant's claim that the court should have granted such a hearing is forfeited by his guilty plea (see CPL 710.70[2]; People v Fernandez, 67 NY2d 686, 688 [1986]). Likewise, this claim is unpreserved and we decline to review it in the interest of justice.
In an omnibus motion, defendant requested various relief including a Darden hearing. The court expressly granted certain requests, including several hearings, expressly denied other specified relief, and neither granted nor denied a Darden hearing. Thus, the court may not be deemed to have denied that request, and "to the extent that the order required clarification with respect to precisely what hearings had been granted, it was incumbent upon defendant to call the problem to the court's attention" (People v Rodriguez, 33 AD3d 401, 402 [1st Dept 2006], lv denied 7 NY3d 904 [2006]). By failing to do so, defendant acquiesced in the lack of a ruling and abandoned the claim (see e.g. People v Graves, 85 NY2d 1024, 1027 [1995]; People v Henriquez, 246 AD2d 427 [1998], lv denied 91 NY2d 942 [1998]; People v Brimage, 214 AD2d 454 [1st Dept 1995], lv denied 86 NY2d 732 [1995]).
Additionally, we do not find that a Darden hearing was warranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023