People v Huginnie (2023 NY Slip Op 05516)

People v Huginnie

2023 NY Slip Op 05516

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-02596
 (Ind. No. 230/20)

[*1]The People of the State of New York, respondent,
v
Stathos Huginnie, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Rachel Cregier of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Yavinsky, J.), rendered March 16, 2022, convicting him of disorderly conduct, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (John Zoll, J.), without a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence seized in the execution thereof or, in the alternative, for a Darden hearing (see People v Darden, 34 NY2d 177).
ORDERED that the matter is remitted to the Supreme Court, Queens County, for an in camera hearing and inquiry in accordance with the guidelines set forth in People v Darden (34 NY2d 177), and thereafter a report to this Court containing the Supreme Court's findings following the hearing and inquiry, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.
The defendant was indicted for, inter alia, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree, based upon evidence obtained from an apartment upon the execution of a search warrant. In support of the search warrant application, the police detective affiant averred that a confidential informant (hereinafter the CI) had conducted two controlled drug buys in the building containing the subject apartment.
In an omnibus motion, the defendant moved, inter alia, to controvert the search warrant and to suppress physical evidence seized in the execution thereof or, in the alternative, for a Darden hearing (see People v Darden, 34 NY2d 177). The Supreme Court denied those branches of the defendant's omnibus motion. The defendant thereafter pleaded guilty to disorderly conduct.
"The Court of Appeals has held that a Darden hearing is necessary where there is insufficient evidence to establish probable cause without information provided by a confidential informant" (People v Nettles, 172 AD3d 1102, 1103; see People v Crooks, 27 NY3d 609, 612-613; People v Edwards, 95 NY2d 486, 493). "[A] Darden rule is necessary in order to fulfill the underlying purpose of Darden: insuring that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity. [*2]The surest way to accomplish this task is to produce the informant for an in camera examination" (People v Edwards, 95 NY2d at 494; see People v Adrion, 82 NY2d 628, 635; People v Nettles, 172 AD3d at 1103). This procedure is "designed to protect against the contingency, of legitimate concern to a defendant, that the informer might have been wholly imaginary and the communication from him [or her] entirely fabricated" (People v Darden, 34 NY2d at 182; see People v Nettles, 172 AD3d at 1103). "[T]he court should conduct an in camera inquiry outside the presence of defendant and his [or her] counsel, and make a summary report regarding the existence of the informer and communications made by the CI to the police, taking precautions to protect the anonymity of the CI to the maximum extent possible" (People v Crooks, 27 NY3d at 613; see People v Nettles, 172 AD3d at 1103).
Here, as the People correctly concede, the detective's on-the-scene observations during the two controlled drug buys fell short of probable cause without the information provided to him by the CI. Although the detective saw the CI walk toward the subject building and later return to the predesignated meeting location, he was unable to confirm that the CI had actually purchased the narcotics from the subject apartment (see People v Nettles, 172 AD3d at 1103-1104). Accordingly, we remit the matter to the Supreme Court, Queens County, for an in camera hearing and inquiry in accordance with the guidelines set forth in Darden, and thereafter a report to this Court containing the Supreme Court's findings following the hearing and inquiry. The appeal is held in abeyance in the interim, and in light of our determination, we decide no other issue at this time.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court