People v Battle (2025 NY Slip Op 51217(U))

[*1]

People v Battle

2025 NY Slip Op 51217(U)

Decided on July 30, 2025

Supreme Court, Erie County

Calvo-Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 30, 2025
Supreme Court, Erie County

The People of the State of New York

against
Jaleel Battle, Defendant.

Indictment No. 70159-25/001

MICHAEL J. KEANE
Erie County District Attorney
ANTHONY PERNA, Esq.
Assistant District Attorney
Appearing for the People
NICHOLAS TEXIDO, Esq.
Appearing for the Defendant

Betty Calvo-Torres, J.

The People request a Darden Hearing to determine whether police had been provided sufficient cause for the issuance of the search warrant based upon information provided by a confidential informant, or in the alternative, to determine if police had sufficient cause outside the search warrant to stop the defendant and seize his luggage. This request is granted. The Court makes its determination after considering the People's Notice of Motion dated June 16, 2025, and the Defense Submission Regarding Scope of Hearings after Invalidation of the Search Warrant dated June 23, 2025.
The People argue that although the search warrant application was insufficient on its face, police nonetheless had sufficient cause for the search and seizure based on information provided by a confidential informant. The People requested that the Court review recordings or notes of the issuing judge to determine whether there were additional facts supporting probable cause before the judge that did not appear in the search warrant application. Pursuant to this request, the Court did in fact request such notes and/or recordings. The issuing judge provided an audio recording of the search warrant application proceedings to this Court on July 17, 2025.
Upon review of this recording, it is clear that the application was an in camera proceeding where the confidential informant testified before the issuing judge. The written search warrant application mistakenly states that the proceeding was non- in camera. Based on this recording, the Court finds that the issuing judge had less evidence supporting probable cause [*2]to issue the search warrant before him after the in camera proceeding than provided in the written search warrant application, which was also insufficient. The recording also shows that, contrary to the statement in the written search warrant application, the confidential informant never told the issuing judge that she had viewed the defendant in possession of weapons. The written application states, "The confidential informant states that she did witness via FaceTime multiple firearms in the Subjects [sic] possession". During the in camera proceeding, the judge asked, "Did he definitively say he had guns?". The confidential informant replied, "Yeah. He did. He said he'd get them today". This statement established that the defendant was not yet in possession of the guns. It follows that if the defendant was not yet in possession of the weapons, then the confidential informant could not have seen the defendant with weapons as alleged in the written search warrant. Therefore, the issuing judge lacked probable cause to issue the search warrant, and the warrant was invalid.
The People further request that, if the search warrant is found to be invalid, a Darden hearing be ordered. Darden applies to cases where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer, People v Serrano, 93 NY2d 73. In the present case, the search warrant was invalid. The Court further finds that it is likely that there will be insufficient evidence to establish sufficient cause to approach and question the defendant, and to ultimately search his luggage, without the testimony of the arresting officer(s) regarding communications received from the informant. Therefore, a Darden hearing, in addition to a Mapp hearing, is required to ensure that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity, People v Edwards, 95 NY2d 486, at 494. The Darden hearing will be conducted in camera and the defense will be allowed to submit proposed questions, People v Darden, 34 NY2d 177. This procedure will allow the prosecution to establish a record regarding exactly what cause police had, outside the search warrant, to approach and question the defendant and to seize his luggage. This procedure will also allow the defense to challenge the underlying information provided to police by the informant through submitted questions. 
Accordingly, the People's request for a Darden hearing to determine what information was conveyed to police by the informant before encountering the defendant is GRANTED and it is so ORDERED.
Dated: July 30, 2025
Buffalo, NY
HON. BETTY CALVO-TORRES, A.S.C.J.